CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 06 2019

JULIA C. DUDLEY, CLERK
BY: /s/ McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTT MITCHELL OUELLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 7:19CV00341 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOE MILAHAE, ET AL., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

The plaintiff, Scott Mitchell Ouellette, a Virginia jail inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, complaining that he was deprived of due process related to a jail disciplinary infraction.[1] Now, Ouellette has filed a motion for interlocutory injunctive relief, alleging that unidentified individuals at the jail have held him in "keeplock" for weeks without cause, purportedly in retaliation for his filing of this lawsuit and others about jail conditions and events. He asks the court to order defendant Joe Milahae and an unspecified jail "representative" to release Ouellette from "keeplock," or to transfer him to a jail in Abingdon, and not to harass and assault him. I conclude that the motion must be denied.

First, this submission attempts to amend the complaint to state a new claim against the only defendants in this case—Milahae and the "Southwest Regional Jail Authority," which the court assumes is actually the Southwest Virginia Regional Jail Authority ("SWVRJA"). The allegations in the motion, however, refer only to unnamed jail officers. Ouellette does not describe how Milahae or the SWVRJA or its policies are responsible for his assignment to keeplock. Second, Ouellette asserts that his detention in keeplock was imposed to retaliate against him for filing

---

[1] I note that one attachment to Ouellette's motion for preliminary injunction is a declaration about the malfunctioning sprinkler system in a nearby cell. As this submission appears intended as additional evidence in support of the amended complaint, I will direct the clerk to redocket it as such.

lawsuits, but he presents no facts to support that assertion. Such merely conclusory statements are not sufficient to state an actionable § 1983 retaliation claim. See, e.g., Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (finding that conclusory allegations of retaliatory motive are insufficient to state an actionable § 1983 retaliation claim). For these reasons, I construe Ouellette's motion as a proposed amendment to the complaint that I will deny as futile.

I also conclude that the motion must also be denied as one seeking interlocutory injunctive relief. Preliminary injunctive relief is an extraordinary remedy. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Accordingly, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. All four factors must be met. Id. Because I find that Ouellett's motion fails to demonstrate a likelihood of success on his underlying claim of retaliatory confinement in keeplock, he cannot meet the four requirements under Winter to show that interlocutory injunctive relief is warranted. An appropriate order will be entered herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 6th day of June, 2019.

Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

2