CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 18 2019
JULIA C. DUDLEY, CLERK
BY: HMcDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT MITCHELL OUELLETTE, | ) |
| Plaintiff, | ) CASE NO. 7:19CV00341 |
| v. | ) MEMORANDUM OPINION |
| JOE MILANESE, ET AL., | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendants. | ) |

The plaintiff, Scott Mitchell Ouellette, filed this civil rights action under 42 U.S.C. § 1983, complaining that he was deprived of due process related to a jail disciplinary infraction. The defendants have filed a motion to dismiss that I will address separately. Now, Ouellette has filed a motion for summary judgment, based on the defendants' failure to provide him with discovery, and a motion for interlocutory injunctive relief, alleging sexual harassment in retaliation for this lawsuit. After review of the record, I conclude that both motions must be denied.

A court should grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To warrant summary judgment in his favor, the plaintiff must demonstrate that the proof, presented in a form admissible at trial, with all factual doubts taken in the light most favorable to the defendants as the non-moving parties, would lead a reasonable juror to but one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986). Because Ouellette's motion seeking summary judgment [ECF No. 42] makes no such showing, I will summarily deny it.

Preliminary injunctive relief is an extraordinary remedy. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Accordingly, the party seeking such relief must make a clear showing

"that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. All four factors must be met. Id.

Ouellette's motion seeking interlocutory injunctive relief does not meet the standard under Winter, because he fails to show a likelihood of success on his underlying retaliation claim. First, his motion does not describe any action undertaken by the only defendants in this case—Milanese and the Southwest Virginia Regional Jail Authority ("SWVRJA"). It also does not indicate any respect in which these defendants or their policies caused the alleged retaliatory harassment. Second, Ouellette presents no facts to support his contention that the alleged harassment (by an individual who is not party to this lawsuit) occurred as retaliation for this lawsuit. Oullette's merely conclusory assertion of retaliation is not sufficient to state an actionable § 1983 retaliation claim. See, e.g., Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (finding that conclusory allegations of retaliatory motive are insufficient to state actionable § 1983 retaliation claim). Because I find that Ouellette's motion fails to demonstrate a likelihood of success, he cannot meet the four requirements under Winter to show that interlocutory injunctive relief is warranted. Therefore, I will deny his motion. An appropriate order will be entered herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTERED this 18th day of July, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

2